Filed 8/5/14  P. v. Ramirez CA2/6
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MELISSA PATRICIA RAMIREZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B251132<br>(Super. Ct. Nos. 2012043902, 2012043934,<br>2013019308)<br>(Ventura County) |

In Case No. 2012043902, Melissa Patricia Ramirez (appellant) was charged with possessing methamphetamine  (Health & Saf. Code, § 11377, subd. (a).)  In Case No. 2012043934, she was charged with commercial burglary (Pen. Code, § 459)[1] and forgery (§ 470, subd. (d)).  She was alleged to have six prior convictions designated as prior prison term enhancements.  (§ 667.5, subd. (b).)

Appellant waived her preliminary hearing and trial rights, pled guilty to the substantive charges in both cases and admitted the prior prison term enhancement allegations.  The trial court sentenced appellant to a total term of five years eight months in county jail and suspended execution of the sentence, which consisted of the middle term of two years on the methamphetamine possession count (Health & Saf. Code, § 11377, subd. (a); § 18), an eight-month consecutive sentence on the burglary count (§

---

[1]All further statutory references are to the Penal Code unless otherwise stated.

459) and one year for each of three prior prison term enhancements. (§ 667.5, subd. (b).) The court struck the other three priors. Appellant was placed on probation subject to various terms and conditions, including that she enter a residential drug treatment program.

The following month, police discovered appellant under the influence of a controlled substance. After she admitted violating probation, the trial court reinstated appellant's probation and ordered her released to Casa De Vita for a six-month residential drug treatment program. Appellant left the program a few days later and was charged with a second probation violation.

Shortly thereafter, appellant was charged in a third case (No. 2013019308) with automobile theft (Veh. Code, § 10851, subd. (a)), and providing a false name to a police officer (§ 148.9, subd. (a)). She pled guilty to the automobile theft charge -- her eleventh felony conviction. The second count was dismissed. Appellant also admitted violating probation in the two other cases (Nos. 2012043902 and 2012043934). The trial court revoked probation in those cases, imposed the previously suspended sentence and imposed an additional eight-month consecutive sentence on the automobile theft count (Veh. Code, § 10851, subd. (a)), for an aggregate term of six years four months in county jail. (§ 1170, subd. (h).) The court awarded appellant 116 days presentence credit (58 actual and 58 conduct), and ordered her to pay a $280 restitution fine (§§ 1202.4, subd. (b), 2085.5), a $200 probation investigation fee and $2,200 in victim restitution for the automobile theft.

Appellant filed a timely notice of appeal from the sentence in Case No. 2012043902. She did not seek a certificate of probable cause. We granted appellant's motion to amend the notice of appeal to include the other two cases, Nos. 2012043934 and 2013019308. The appeal lies for any potential sentencing errors. (§ 1237.5; Cal. Rules of Court, rule 8.304(b).)

We appointed counsel to represent appellant in this appeal. After examining the record, counsel filed an opening brief raising no issues and requesting that we independently examine the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

2

In footnote 2 of the brief, counsel represented: "There was an error in the calculation of presentence credits in that appellant was not given credit for time that she spent in the court-ordered residential treatment program. Appellate counsel has filed a motion with the sentencing court pursuant to Penal Code section 1237.1 to correct this error."

On February 28, 2014, we advised appellant in writing that she had 30 days within which to personally submit any contentions or issues she wished to raise on appeal. Appellant did not respond.

In response to our request for an update regarding the motion to correct the sentencing error, appellant's counsel filed an informal letter brief advising that the trial court granted the motion on March 4, 2014. Counsel provided a certified copy of the trial court's minute order, which states that appellant "is entitled to credit for time served of -- 121 days actual time and 120 days of [section] 4019(b)(1) and (c)(1) time, for a total credit of 241 days, (calculated at the rate of 2 days 4019 for every 4 days sentenced)."

Because appellant waived a preliminary hearing and pled guilty to the charges in the three cases, we obtain the facts from the probation reports. In November 2012, appellant attempted to cash a business check at a check cashing firm. That check had been stolen and forged. The following month, a police officer contacted appellant on the street. The officer saw a white bindle fall from the bottom of appellant's pant leg. During a search, a second bindle fell from appellant's leg. Both bindles tested positive for methamphetamine.

In June 2013, police officers saw appellant driving an automobile that had been reported stolen nine days earlier. The passenger side window was shattered. When the officers detained appellant, she identified herself as "Susan Hernandez." She said she did not have a driver's license and claimed the vehicle belonged to her boyfriend. She said she did not know the vehicle was stolen and that she had used a false name because of her outstanding warrants.

3

We have examined the record and are satisfied that appellant's attorney has fully complied with the responsibilities of counsel and that no arguable issue exists. (*People v. Wende, supra,* 25 Cal.3d at p. 441.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


PERREN, J.


We concur:



GILBERT, P. J.



YEGAN, J.

4

Nancy L. Ayers, Judge

Superior Court County of Ventura
_____


California Appellate Project, Jonathan B. Steiner, Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.